**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **BAIEL ULANOV**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **1:26-cv-246** |
| **WARDEN OF EL VALLE** | § | |
| **DETENTION FACILITY**, in his | § | |
| official capacity, *et al.*, | § | |
| Respondents. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is pro se Petitioner Baiel Ulanov's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Ulanov's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Ulanov's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Ulanov, a citizen of Kyrgyzstan, is in immigration custody at El Valle Detention Facility ("El Valle") located in Raymondville, Texas. Dkt. No. 1 at 1–2. On June 28, 2024, Ulanov entered the United States at a port of entry. Dkt. No. 1-1 at 1. Subsequently, the Department of Homeland Security ("DHS") detained Ulanov, where he remains in custody. *Id.* On February 5, 2025, Ulanov applied for asylum and withholding of removal

---

[1] Information obtained from Ulanov's § 2241 Petition. *See* Dkt. No. 1. Ulanov's A-number is A-241380682, and his country of origin is Kyrgyzstan. Dkt No. 1 at 1; Dkt. No. 1-1 at 1.

to Kyrgyzstan.  *Id.*  On February 10, 2025, the immigration judge ("IJ") issued an order of removal to Kyrgyzstan.  *Id.* at 40.

Ulanov subsequently filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA").  Dkt. No. 1-1 at 2.  On September 22, 2025, the BIA granted Ulanov's appeal on the grounds that the IJ's decision did not provide a credibility finding, nor did the IJ consider Ulanov's status as a member of a "delineated particular social group".  *Id.* at 73–74.  On December 5, 2025, the IJ issued an order of removal to Kyrgyzstan.  *Id.* at 2.  Ulanov filed an appeal for the IJ's decision to the BIA, which remains pending.  *Id.*; *see* EOIR Automated Case Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/ (search "A-Number" field as "241380682" and "Nationality" field as "Kyrgyzstan").

## II.     LEGAL STANDARDS

### A.     Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise.  *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte.  *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id*. at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B.    28 U.S.C. § 2241: *Habeas Review of Final Orders of Removal***

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative

remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

## C. *Zadvydas v. Davis*

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek habeas relief is subject to certain time constraints. *Zadvydas*, 533 U.S. at 688. When the Government fails to execute a removal order within the 90-day period, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible. *Id*. at 689.

This does not mean that any amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the immigrant detainee first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id*.; *Chance v. Napolitano*, 453 F.Appx. 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflected a reasoned judgment that earlier review of post-removal-period detention posed too great a risk to institutional interests to properly warrant judicial scrutiny.

### III.   DISCUSSION

Critically, as his BIA appeal remains pending, Ulanov has not received a final order of removal; his petition, then, is unripe. Dkt. No. 1 at 5; 8 U.S.C. § 1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."); *Zadvydas*, 533 U.S. at 688 (stating that the post-removal-period detention statute applies only after a noncitizen has been ordered removed); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) (holding "the order of the immigration judge, then, is not final when a timely appeal is taken to the Board [of Immigration Appeals]"); *Rendon-Valdes v. Noem et al.*, No. 4:26-cv-01278, 2026 WL 969964, at *1 (S.D. Tex. Mar. 13, 2026) (J. Ellison) ("the removal order does not become final until the BIA issues a decision.").

Therefore, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. The Court interprets Ulanov's remaining arguments to derive from his claim that his detention could be unreasonably prolonged due to his pending BIA appeal. *See* Dkt. No. 1 at 6–7; Dkt. No. 1-1 at 3–7. However, as discussed above, the removal period begins

only on the date that the order of removal becomes administratively final.  8 U.S.C. § 1231(a)(i)(B)(i).  Accordingly, Ulanov's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Ulanov's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **21st** day of **May, 2026** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge